Detention Order Pending Trial

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

UNITED STATES OF AMERICA

Case No: 11-20502

v.

TRAVIS JAY KENDALL,

*Defendant.*
_____/

## DETENTION ORDER PENDING TRIAL

After conducting a detention hearing under the Bail Reform Act, 18 U.S.C. § 3142(f), I conclude that these facts require that Defendant be detained pending trial.

**Part I - Findings of Fact**

**A.** **Motion to Detain (18 U.S.C. §§ 3142(a) and 3142(f)(1))**

XX (1) The Government moved for detention at Defendant's first appearance pursuant to:

    XX  18 U.S.C. § 3142(f)(1).

    __  18 U.S.C. § 3142(f)(2).

__ (2) A detention hearing was held on this judicial officer's motion pursuant to 18 U.S.C. § 3142(f)(2). See part D for findings.

**B.** **Rebuttable Presumption – Defendant on Release Pending Trial (18 U.S.C. §3142(e)(2))**

__ (1) Defendant is charged with an offense described in 18 U.S.C. § 3142(f)(1), and has previously been convicted of a crime listed in 18 U.S.C. § 3142(f)(1), or comparable state or local offense.

   ___     (2)     The offense described in finding was committed while Defendant was on release pending trial for a federal, state or local offense.

   ___     (3)     A period of less than five years has elapsed since

            ___     the date of conviction, **or**

            ___     Defendant's release from prison for the offense described in finding (B)(1).

   ___     (4)     Findings (B)(1), (2) and (3) establish a rebuttable presumption that no condition or combination of conditions will reasonably assure the safety of another person or the community.

**C.**     **Rebuttable Presumption – Probable Cause (18 U.S.C. § 3142(e)(3))**

There is probable cause to believe that Defendant has committed an offense:

     ___     for which a maximum prison term of ten years or more is prescribed in the _____[1], **or**

     ___     under 18 U.S.C. § 924(c), 18 U.S.C. § 956(a) or 18 U.S.C. § 2332b, **or**

     ___     listed in 18 U.S.C. § 2332b(g)(5) (federal crimes of terrorism) for which the prison term is 10 or more years, **or**

     ___     listed in 18 U.S.C. §§ 1581-1594 (slavery or trafficking in persons), **or**

     ___     involving a minor victim listed in 18 U.S.C. § 3142(e)(3)(E).

     ___     the probable cause findings above establish a rebuttable presumption that no condition or combination of conditions will reasonably assure the safety of another person or the community.

---

[1]Insert as applicable: (a) Controlled Substances Act (21 U.S.C. § 801 *et seq.*); (b) Controlled Substances Import and Export Act (21 U.S.C. § 951 *et seq.*); or (c) Section 1 of Act of Sept. 15, 1980 (21 U.S.C. § 955a).

**D.     Findings Pursuant to 18 U.S.C. § 3142(f)(2)**

__     (1)     There is a serious risk that Defendant will not appear.

__     (2)     There is a serious risk that Defendant will endanger the safety of another person or the community.

**Part II - Statement of the Reasons for Detention**

I find that the testimony and information submitted at the detention hearing establishes:

XX     by clear and convincing evidence that, for the reasons set forth below, there is no condition or combination of conditions which will reasonably assure the safety of the community; **or**

__     by a preponderance of the evidence that, for the reasons set forth below, there is no condition or combination of conditions which will reasonably assure Defendant's appearance; **or**

__     both of the above.

**Statement of reasons for detention pursuant to 42 U.S.C. § 3142(l):**

Having concluded that the Government timely moved for detention pursuant to 18 U.S.C. § 3142(a) in a case described in 18 U.S.C. § 3142(f), and that none of the rebuttable presumptions in favor of detention apply, the Court will therefore consider Defendant's circumstances using the factors set forth in section 3142(g).

As to the factors set forth in subsections (g)(1) and (g)(2), I find that the offense charged involves as domestic assault upon a member of the Saginaw Chippewa Native American Tribe. I find from the grand jury having returned an indictment that there is a definite weight of evidence, at least rising to the level of probable cause, supporting the charges against Defendant.

As to subsection 3142(g)(3), I find that Defendant is currently 24 years of age and has lived in Michigan all of his life. Defendant lived on Elisabeth Road in the Mount Pleasant area for approximately 1 month. He lived on Bruce Street for two years, in the North Winds Apartments for two years, and at the Canterbury Apartments for an unknown length of time, all of which are in Mount Pleasant.

Defendant asserts that should he be released on bond. Counsel for Defendant proffered Defendant's mother as a potential third-party custodian.

Defendant is currently employed and has been so employed for approximately 2 weeks as an electrician's apprentice in the Shepherd, Michigan, area. Prior to that, Defendant worked at various jobs in the Soaring Eagle Casino. Pretrial Services reports and defense counsel corroborates that Defendant has enrolled for business-related classes at a local community college.

Pretrial Services reports that Defendant conceded that he has been using marijuana for approximately 1 year. Defendant conceded that he has in the past had an alcohol problem, but stated to Pretrial Services that he no longer has that problem. Defendant's mother similarly related to Pretrial Services her belief that Defendant did not have an alcohol problem. Preliminary urinalysis testing returned positive results for both opiates and marijuana.

In 2000, Defendant was convicted of minor-in-possession in Tribal Court. The Assistant United States Attorney ("AUSA") represents that, in 2003, Defendant was convicted as a juvenile of assault upon on the brother of the victim in this case. On two occasions in 2004, Defendant was convicted of minor-in-possession. The AUSA represents that, in 2005, Defendant was again convicted of assault. Counsel believes that this case may have involved a deferred sentence. In 2005, at age 17, Defendant pleaded guilty to multiple misdemeanors, including minor-in-

possession, third offense, and minor-in-possession, fifth offense. As to the first of those offenses, Defendant was sentenced to 18 months' probation and fines, and, as to the second, he was sentenced to 12 months' probation as well as fines and costs.

In February 2011, Defendant was charged in Tribal Court with family violence, first offense. The alleged victim of that assault was the same as that in the offense charged in this case. Defendant was placed on bond with a series of conditions, which included prohibitions against the use of alcohol or drugs and the violation of any criminal law. Defendant was therefore on supervision at the time of the offense charged in this case.

The incidents giving rise to the indictment in this case were originally charged in Tribal Court on July 29, 2011, as family violence, second offense. The Government represents that the incident involved an attempt to strangle the victim that lasted to the point where the victim had difficulty breathing. Defendant contests this representation. The Government represents that blood-alcohol testing done at the time of the incident revealed an alcohol level of .119. The Government also represents that, subsequent to Defendant's arrest on these charges, he placed a series of phone calls to the victim from jail, which were recorded, and which, according to the AUSA, included instructions to the victim as to how to conduct herself, how to testify and how to deal with police authorities. The AUSA also represents that Defendant's mother actively participated in at least one of those telephone calls.

Counsel for Defendant requests that Defendant's mother be appointed third-party custodian. He also emphasizes the provision of the statute that states that, in order to detain, the court must find that Defendant is a danger to the community. Counsel for Defendant argues that Defendant is not a danger to the community, and at most is a potential danger to the victim. Counsel, however, fails to point out that the exact words of that provision relate to a person who

is "likely to flee or pose a danger to the safety of any other person or the community." Thus, my consideration is not limited to the community at large, but must also take into consideration the safety of individuals.

As I weigh the facts presented under the standards set forth in the Bail Reform Act, I conclude that in spite of Defendant's worthwhile employment, I am entirely unable to craft any set of bond conditions that will reasonably assure the safety of the victim. I further conclude that it is inappropriate to bond Defendant to his mother as third-party custodian. The mother's representations relating to Defendant's lack of alcohol problems are belied both by his criminal record and by the blood-alcohol testing taken at the time of his arrest. Furthermore, I note that while Defendant was on bond prior to his arrest on these charges, Defendant's mother, according to Pretrial Services, called the Tribal Police and asked them to remove Defendant from her home.

Accordingly, the Government's motion to detain is **GRANTED.**

**Part III - Directions Regarding Detention**

Defendant is committed to the custody of the Attorney General or a designated representative for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or held in custody pending appeal. Defendant must be afforded a reasonable opportunity to consult privately with defense counsel. On order of a United States Court or on request of an attorney for the Government, the person in charge of the corrections facility must deliver Defendant to the United States Marshal for a court appearance.

Review of this order is governed by 18 U.S.C. § 3145 and E.D. Mich. L.R. 57.2.

                                                        s/ *Charles E. Binder*

Dated: August 23, 2011                      CHARLES E. BINDER
                                                   United States Magistrate Judge

## **CERTIFICATION**

      I hereby certify that this Order was electronically filed this date, electronically served on Roy Kranz and Elias Muawad, and served on Pretrial Services and the U.S. Marshal's Service in the traditional manner.

Date: August 23, 2011            By     s/*Jean L. Broucek*
                                                  Case Manager to Magistrate Judge Binder